UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL F. ALLEVATO,

                Plaintiff,

     v.                                       9:22-CV-0076
                                                  (TJM/TWD)

SHELLY MALLOZZI,

                Defendant.

---

APPEARANCES:

MICHAEL F. ALLEVATO
16-B-2208
Plaintiff, pro se
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403


THOMAS J. McAVOY
Senior United States District Judge

## DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Michael Allevato commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Decision and Order filed on March 2, 2022, plaintiff's IFP Application was granted, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the claims against officials from Woodbourne Correctional Facility were severed and transferred to the Southern District of New York, and the claim against defendant Mallozzi, the Director

of the Inmate Grievance Program, was dismissed for failure to state a claim upon which relief may be granted. Dkt. No. 4 ("March 2022 Order"). In light of plaintiff's pro se status, he was afforded an opportunity to submit an amended complaint with respect to his Section 1983 claim(s) against defendant Mallozzi. *Id*. at 12-14.

Presently before the Court is plaintiff's amended complaint. Dkt. No. 8 ("Am. Compl.").

## II.   SUFFICIENCY OF THE AMENDED COMPLAINT

### A.   The Complaint and March 2022 Order

In his original complaint, plaintiff alleged that defendant Shelley Mallozzi failed to properly process several grievance appeals he submitted, and certain officials from Woodbourne Correctional Facility interfered with his ability to access the courts and provided him with inadequate medical treatment. *See generally*, Compl.

The complaint was construed to assert a First Amendment access-to-courts claim against defendant Mallozzi, as well as several Section 1983 claims against officials from Woodbourne Correctional Facility. *See* March 2022 Order at 5-6.

As noted, following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's Section 1983 claims against the officials from Woodbourne Correctional Facility were severed and transferred to the Southern District of New York, and his Section 1983 claim against defendant Mallozzi was dismissed for failure to state a claim upon which relief may be granted. *See* March 2022 Order at 6-14.

### B.   Overview of the Amended Complaint

The amended complaint is virtually identical to the original complaint with respect to the allegations of wrongdoing by defendant Mallozzi. *Compare* Compl. *with* Am. Compl.

2

Indeed, the only material difference between the original and amended complaint with regard to defendant Mallozzi is that the amended complaint, in addition to reasserting an access-to-courts claim, expressly asserts mail tampering, due process, and state law claims against this official based on her alleged failure to properly process plaintiff's grievances and brief delay in returning mail to plaintiff. *See generally*, Am. Compl.

### C. Analysis

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the March 2022 Order and it will not be restated in this Decision and Order. *See* March 2022 Order at 2-4.

### 1. Section 1983 Claims

In the March 2022 Order, the Court stated as follows in analyzing plaintiff's access-to-courts claim against defendant Mallozzi:

> [I]nmates do not have a constitutional right to state grievance programs. *See Shell v. Brzeniak*, 365 F. Supp. 2d 362, 370 (W.D.N.Y. 2005) ("[I]nmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does [sic] not give rise to a cognizable § 1983 claim."). Thus, "complaints that prison officials tampered with, failed to investigate, or improperly processed grievances, without more, do not give rise to liability under § 1983." *Celestin v. Premo*, No. 9:12-CV-0301 (GLS/RFT), 2014 WL 272443, at *3 (N.D.N.Y. Jan. 24, 2014) (citing *Irvis v. Seally*, No. 9:09-CV-0543 (GLS/ATB), 2011 WL 454792, at * 2 (N.D.N.Y. Feb. 4, 2011) ("[R]egardless of whether and to what extent defendants followed their grievance procedures in investigating or failing to investigate [plaintiff's] complaints, his claims must fail as a matter of law as they are not actionable under

§ 1983.")).

Thus, insofar as plaintiff has asserted any constitutional claims based on defendant Mallozzi's alleged failure to properly process plaintiff's grievances, such claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. *See also Torres v. Mazzurca*, 246 F. Supp. 2d 334, 341-42 (S.D.N.Y. 2003) (Inmates do not have a due process right to a thorough investigation of grievances); *Rhodes v. Hoy*, No. 9:05-CV-0836 (FJS/DEP), 2007 WL 1343649, at *6 (N.D.N.Y. May 5, 2007) (An inmate has "no constitutional right of access to the established inmate grievance program."); *Davis v. Buffardi*, No. 9:01-CV-0285 (PAM/GJD), 2005 WL 1174088, at *3 (N.D.N.Y. May 4, 2005) ("[P]articipation in an inmate grievance process is not a constitutionally protected right."); *Cancel v. Goord*, No. 00-CV-2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) (holding that "inmate grievance procedures are not required by the Constitution" and therefore failure to see to it that grievances are properly processed does not create a claim under Section 1983).[1]

Furthermore, insofar as plaintiff has asserted a mail tampering claim against defendant Mallozzi, the amended complaint lacks any allegations which plausibly suggest that this official was responsible for delivering plaintiff's incoming or outgoing mail. In addition, plaintiff does not allege any facts which plausibly suggest that defendant Mallozzi discarded mail sent to her from plaintiff. Rather, liberally construed, the amended complaint

---

[1] For the sake of clarity, the Court recognizes that plaintiff's allegations that defendant Mallozzi prevented him from timely or properly exhausting his administrative remedies may be relevant to opposing a motion to dismiss the underlying claim(s) that are the subject of his grievances on non-exhaustion grounds. *See, e.g., Hayes v. Dahlke*, 976 F.3d 259, 270 (2d Cir. 2020) (holding that "because the DOCCS Inmate Grievance Procedure imposes a mandatory deadline for the CORC to respond, an inmate exhausts administrative remedies when he follows the procedure in its entirety but the CORC fails to respond within the 30 days it is allocated under the regulations"). The alleged misconduct does not, however, give rise to an independent Section 1983 claim.

4

alleges only that this official delayed returning mail to plaintiff by a few days in an effort to frustrate his ability to exhaust his administrative remedies. *See* Am. Compl. at 2-3. Once again, such allegations, while potentially relevant to the issue of exhaustion, are insufficient to state a cognizable Section 1983 claim. *See Shell,* 365 F. Supp. 2d at 369-70; *see also Ahlers v. Rabinowitz*, 684 F.3d 53, 64 (2d Cir. 2012) (holding that allegations of eleven interferences with non-legal mail, resulting in delays in receipt from two to six weeks over the course of five months, was insufficient to state a cognizable claim); *Cancel v. Goord*, No. 00-CV-2042, 2002 WL 171698, at *3 (S.D.N.Y. Feb. 4, 2002) (finding that allegations of "relatively short term delays" in delivering mail on six occasions ranging from two to six weeks, "absent any further allegations indicating that the mail was stolen or tampered with, do not alone create a cause of action").

Accordingly, and for the reasons stated in the March 2022 Order, plaintiff's Section 1983 claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. State Law Claim(s)

Having dismissed plaintiff's Section 1983 claims, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claim(s) against defendant Mallozzi. *See* 28 U.S.C. § 1367(c) (a district court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction"); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 120 (2d Cir. 2006) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims because all claims over which the federal court has original jurisdiction have been dismissed).

Accordingly, plaintiff's state law claim(s) against defendant Mallozzi are dismissed

5

without prejudice to refiling in the appropriate state court.

## III.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.  The Court declines to exercise supplemental jurisdiction over plaintiff's state law claim(s), which are **DISMISSED without prejudice** to re-pleading in the appropriate state court.  The Clerk is directed to terminate defendant Mallozzi and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: April 29, 2022
       Binghamton, NY

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge